IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

BRANDY A. GILL )
)
   Plaintiff, ) No. 13-1107

V.

COMMISSIONER OF
SOCIAL SECURITY

   Defendant.

## SYNOPSIS

Plaintiff filed an application for supplemental social security income and child disability benefits, alleging disability as the result of mental impairments in the nature of depression, anxiety, and obsessive compulsive disorder. Her claim was denied initially upon hearing before an ALJ. The Appeals Council subsequently denied her request for review. Plaintiff now appeals the Commissioner's decision. For the following reason, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ improperly assessed her credibility, and improperly discredited assessments of Drs. Novero and Goral, and failed to consider two GAF scores assigned by those sources.

First, I note that an ALJ's credibility determination is entitled to great deference. Degenaro-Huber v. Comm'r of Soc. Sec., 533 Fed. Appx. 73, 75 (3d Cir. 2013). Generally, overturning an ALJ's credibility determination is an "extraordinary step." See Sanford v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 41910, at *16 (D.N.J. Mar. 28, 2014). Here, the

2

ALJ specifically considered Plaintiff's subjective complaints against factors including her daily activities, her conduct at the hearing, prior work history, the medical records and functional limitations indicated by those records, and the overall preponderance of the evidence. While Plaintiff correctly notes that several of the noted considerations would not disprove disability or cause incredulity if taken alone, the ALJ thoroughly and specifically listed numerous bases for discounting Plaintiff's credibility. The ALJ's recitation of his findings and their bases is comprehensive and appropriate. In sum, the ALJ's credibility determination was supported by substantial evidence.

Next, Plaintiff complains that the ALJ rejected the opinion of Dr. Goral because he was a one-time examiner, but accepted the opinion of another one-time examiner. The ALJ gave Dr. Goral's opinion limited weight not only because he examined Plaintiff once, but because he relied "quite heavily" on, and "uncritically" accepted, Plaintiff's subjective complaints. As discussed supra, the ALJ found reason to question those complaints.[1] As regards the GAF score, it is well-settled that such scores do not directly correlate to disability. Instead, they are medical evidence that informs the ALJ's judgment of disability.[2]

> The GAF is only a snapshot opinion about the level of functioning. It is one opinion that we consider with all the evidence about a person's functioning. Unless the clinician clearly explains the reasons behind his or her GAF rating, and the period to which the rating applies, it does not provide a reliable longitudinal picture of the claimant's mental functioning for a disability analysis.

Kroh v. Colvin, 2014 U.S. Dist. LEXIS 122900, at *53 (M.D. Pa. Sept. 4, 2014).

---

[1] The ALJ further noted that Plaintiff's attorney referred her to Dr. Goral for evaluation.
[2] Thus, failure to refer to or rely on two GAF scores, even if those scores are similar, is not necessarily error. Rios v. Comm'r of Soc. Sec., 444 Fed. Appx. 532, 534-35 (3d Cir. 2011). This is particularly true if the mental health provider's report does not relate the score to specific limitations, or explain the basis for the GAF rating. See Gilroy v. Astrue, 351 F. Appx. 714, 715-16 (3d Cir. 2009).

As Plaintiff acknowledges, the ALJ reviewed and considered the records containing the subject GAF scores; it is clear that the ALJ ignored neither the scores nor their context. The ALJ's treatment of Dr. Goral's opinion is sufficient.

Finally, as regards Dr. Novero, the ALJ considered his questionnaire completed on March 4, 2010. In that assessment, Dr. Novero checked "No" in response to the query, "Within the above restrictions [a check-mark grid of Plaintiff's "signs and symptoms"], can the patient work a normal work day/work week?" However, on the same form, Dr. Novero checked "fair," as opposed to "poor" or "none" when assessing Plaintiff's ability to understand, remember, and carry out complex, detailed, and simple job instructions. He also checked "good" or "fair" for Plaintiff's ability to make various personal and social adjustments, as well as occupational adjustment. In no category did he select "poor" or "none."

The ALJ gave the opinion "little weight" because it was inconsistent with the objective medical records, and because Dr. Novero relied heavily on Plaintiff's subjective reports rather than objective findings. Unsupported conclusions regarding disability, even those offered by a treating physician, are not medical opinions entitled to special consideration. Wright v. Sullivan, 900 F.2d 675, 683 (3d Cir. 1990); Meixner v. Astrue, 2012 U.S. Dist.LEXIS 171634, at *13 (W.D. Pa. 2012). Dr. Novero's conclusion that Plaintiff can't work a normal work week, in light of the entire record, is not entitled to such consideration. Moreover, the ALJ noted that Dr. Novero – as psychiatrists necessarily do -- relied heavily on Plaintiff's subjective complaints. Nonetheless, "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." Hatton v. Comm'r, 131 F. Appx. 877, 879 (3d Cir. 2005) (citation omitted). Accordingly, this is an appropriate consideration. Cf., Morris v. Barnhart, 78 Fed. Appx. 820 (3d Cir. 2003). "[A]n ALJ is not bound to follow a medical opinion

4

simply because it is provided by a treating physician." Nichols v. Comm'r of Soc. Sec., 404 Fed. Appx. 701, 704 (3d Cir. 2010).[3] The ALJ dealt with Dr. Novero's opinion appropriately.

**CONCLUSION**

For the foregoing reasons, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 23rd day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

[3] Plaintiff characterizes Dr. Novero as a treating source. While I need not decide whether he so qualifies, I note that Dr. Novero assessed Plaintiff initially in June, 2009; Plaintiff's therapy was to be, and apparently was, conducted with a different provider. It also appears that Dr. Novaro oversaw Plaintiff's medication. It is unclear that Dr. Novero's opinion reflects judgment based on "continuing observation of the patient's condition over time," thus giving rise to a presumption of controlling weight. Morris, 78 Fed. Appx. at 823 (provider who saw claimant only three or four times over a period of months not entitled to presumption).